IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FAIR ISAAC CORPORATION,<br><br>  Plaintiff,<br><br>v.<br><br>ACTIMIZE INC. AND NICE SYSTEMS, LTD.,<br><br>  Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Fair Isaac Corporation ("FICO") for its complaint against Defendants Actimize, Inc., a NICE Company ("Actimize"), and NICE Systems, Ltd. ("NICE") states and alleges, upon information and belief, as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271 and §§ 281-285.

2. Plaintiff FICO is the owner, by assignment, of all right, title, and interest in United States Patent No. 5,819,226 (the "'226 Patent") entitled "Fraud Detection Using Predictive Modeling." A true and correct copy of the '226 Patent is attached as Exhibit A.

3. Plaintiff FICO is the owner, by assignment, of all right, title, and interest in United States Patent No. 6,330,546 (the "'546 Patent") entitled "Risk Determination and Management Using Predictive Modeling and Transaction Profiles for Individual Transacting Entities." A true and correct copy of the '546 Patent is attached as Exhibit B.

1

4. As set forth below, upon information and belief, Defendants Actimize and NICE have infringed and continue to infringe the '226 and '546 Patents.

## PARTIES, JURISDICTION AND VENUE

5. Plaintiff FICO is a corporation organized and existing under the laws of Delaware with its principal place of business in Minneapolis, Minnesota.

6. Defendant Actimize is a corporation organized and existing under the laws of Delaware with its principal place of business in New York, New York.

7. NICE is an Israeli corporation.

8. This Court has subject jurisdiction over Plaintiff's patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that this action arises under the federal patent statutes, 35 U.S.C. §§ 271 and 281-285.

9. This Court has personal jurisdiction over Defendant Actimize as a resident corporation of Delaware, and thereby personal jurisdiction over Defendant Actimize comports with the United States Constitution as well as Title 10, Section 3104 of the Delaware Code.

10. This Court has personal jurisdiction over Defendant NICE, as NICE promotes the accused Actimize technology and methods as solutions being offered at a different level within the same NICE institution. NICE thus has committed and continues to commit acts of patent infringement at least through its wholly-owned subsidiary Actimize, a resident corporation of Delaware. This Court's exercise of personal jurisdiction over Defendant NICE comports with the United States Constitution and Title 10, Section 3104 of the Delaware Code.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), and 28 U.S.C. § 1400(b).

## FACTUAL BACKGROUND

### FICO

12.  FICO has pioneered the development of predictive analytics and optimization technologies. With clients which include the vast majority of the world's premier financial institutions, FICO is a proven leader in innovation. Today, FICO is a market leader in decision management, using predictive analytics to help businesses automate, improve and connect decisions across organizations and customer lifecycles.

13.  FICO owns over 20 U.S. patents involving fraud analytic technology. FICO is also a market leader in this technology, providing fraud detection analytics to the leading financial institutions throughout the world, including a credit card fraud analytic model to MasterCard. FICO acquired the '226 Patent and '546 Patent as part of its acquisition of HNC Software, Inc. in 2002.

### BasePoint Analytics

14.  In 2004, two former FICO employees, Tim Grace (FICO's former Vice President of all payment card issuer fraud solutions) and Frank McKenna (FICO's former Director of Fraud Consulting), founded BasePoint Analytics. BasePoint Analytics is a provider of predictive analytic fraud and risk management solutions for the mortgage and global banking industries.

15.  A number of former FICO employees work or have worked at BasePoint Analytics, including James Baker (FICO's former Director of Modeling for FICO's fraud detection analytics products) and Yuansong Liao (former member of FICO's fraud analytics team). James Baker is BasePoint Analytics' current Vice President, Analytics.

16. Approximately one year after leaving FICO and while employed at BasePoint Analytics, James Baker and Yuansong Liao filed provisional patent application No. 60/723,405; one year later they filed a related patent application No. 11/543,271 entitled "System and Method for Detecting Fraud" (the "Baker Application") claiming fraud detection analytics. The Baker application claims the benefit of the provisional patent application. All of the claims of the Baker Application were rejected on two occasions by the United States Patent Office based upon the '546 Patent on its own or in combination with other prior art.

17. BasePoint Analytics acquired consortium data from MasterCard containing more than a billion transactions in order to build models for its ATM and debit card fraud detection analytics products, which may embody at least some of the claims of the Baker application. BasePoint Analytics also entered into a business relationship with MasterCard.

### Actimize, a NICE Company

18. On August 30, 2007, NICE completed its acquisition of Actimize.

19. Actimize and NICE publicize their combination by stating that bringing together Actimize's and NICE's solutions establishes NICE as an enterprise-wide analytics powerhouse. According to both companies, their combined solution constitutes a technology breakthrough in processing, analyzing, and cross-referencing information from customer transactions and interactions. Actimize and NICE promote their combination as the only combination in the world which, for the first time will be able to take millions and millions of transactions and interactions, and handle huge masses of data, comprising a full view of the customer touch points with an organization.

20. Actimize and NICE state that Actimize's transaction analytics and risk management solutions along with NICE's interaction analytics and proven leadership in the

compliance market change the competitive landscape in the financial services industry, as well as in the enterprise and security markets in which Actimize and NICE operate.

21. In November 2008, Actimize, now a NICE company, acquired BasePoint Analytics' ATM and debit card fraud detection products, including consortium-developed ATM and debit card fraud detection models and analytics. Actimize also acquired BasePoint Analytics' business relationship with MasterCard and now partners with MasterCard.

22. MasterCard and Actimize partner to augment MasterCard's ATM and Debit fraud detection capabilities with real-time risk scoring and fraud prevention. Actimize teamed up with MasterCard to provide MasterCard with access to Actimize's debit fraud detection analytic models, which MasterCard implements as part of its Fraud Monitor service, a real-time scoring and fraud prevention security solution. The real-time scoring and fraud prevention security solution aims to counteract debit and ATM fraud by creating and updating multi-dimensional user profiles which allow the detection of suspicious activities at card, device and account level. MasterCard has been unwilling to license FICO's patented products and processes for its PIN debit card transactions due to Actimize's and NICE's unlawful infringement.

23. Actimize and NICE have and/or continue to make, use, sell, offer to sell, and/or import fraud detection analytics products to their various partners and other customers, including Pershing, Metavante, and Fidelity National Information Services, who distribute Actimize's products to their customers.

24. Additional former FICO or HNC employees have worked or work for either BasePoint Analytics or Actimize including, but possibly not limited to, Debra Rothrock (FICO's former Vice President of Product Management for loan origination software products

and BasePoint Analytics' current Senior Vice President, Product Management and Marketing), Jasbir Anand (currently Product And Risk Strategy Manager at Actimize), Olcay Boz (formerly a Senior Staff Scientist at BasePoint Analytics), Gary Cantorna (formerly Director of Technical Integration Services at BasePoint Analytics), Enrique Carrillo (formerly Vice President Sales at BasePoint Analytics), Manuel Da Silva, Shelley Ehrman (formerly Director of Marketing and Product Management for BasePoint Analytics), Paul Henninger (formerly Director of Fraud Solutions at Actimize), Michelle MacCartney, Chris Metzger, Faith Nilsen, Steve Platt (Founder and formerly Managing Partner of BasePoint Analytics), Jacob Spoelstra (formerly Director of Analytics at BasePoint Analytics), Maki Sugimoto, and Linda Tecco (currently Director, Relationship Management at BasePoint Analytics).

## FICO's Injury

25. Defendants Actimize and NICE have infringed and are still infringing the '226 and '546 Patents by making, using, selling, and/or offering to sell within the United States and/or by importing into the United States technology and methods that alone and/or in combination with computer systems embody or practice the claimed inventions, and the defendants will continue to do so unless enjoined by this court.

## COUNT I

### ACTIMIZE'S PATENT INFRINGEMENT (THE '226 PATENT)

26. FICO restates and realleges each of the allegations set forth above and incorporates them herein.

27. Actimize has infringed and continues to infringe – directly, contributorily, and/or by active inducement – at least claim 1 of the '226 Patent by making, using, selling, and/or offering to sell within the United States and/or by importing into the United States technology

and methods that alone and/or in combination with computer systems embody or practice the claimed inventions in the '226 Patent. The infringing technology and methods include Actimize's fraud detection analytics products and processes, including but not limited to Actimize's ATM and Debit Fraud prevention solutions.

28. Actimize does not have a license or permission to use the claimed subject matter in the '226 Patent.

29. As a direct and proximate result of Actimize's infringement of the '226 Patent, FICO has been injured and has been caused significant financial damage.

30. Actimize will continue to infringe the '226 Patent, and thus cause irreparable injury and damage to FICO, unless enjoined by this Court.

31. FICO has complied with the statutory requirement of giving notice of the '226 Patent to Defendants at least by providing Defendants with a copy of this complaint.

## COUNT II

### ACTIMIZE'S PATENT INFRINGEMENT (THE '546 PATENT)

32. FICO restates and realleges each of the allegations set forth above and incorporates them herein.

33. Actimize has infringed and continues to infringe – directly, contributorily, and/or by active inducement – at least claim 6 of the '546 Patent by making, using, selling, and/or offering to sell within the United States and/or by importing into the United States technology and methods that alone and/or in combination with computer systems embody or practice the claimed inventions in the '546 Patent. The infringing technology and methods include Actimize's fraud detection analytics products and processes, including but not limited to Actimize's ATM and Debit Fraud prevention solutions.

34. Actimize does not have a license or permission to use the claimed subject matter in the '546 Patent.

35. As a direct and proximate result of Actimize's infringement of the '546 Patent, FICO has been injured and has been caused significant financial damage.

36. Actimize will continue to infringe the '546 Patent, and thus cause irreparable injury and damage to FICO, unless enjoined by this Court.

37. FICO has complied with the statutory requirement of giving notice of the '546 Patent to Defendants at least by providing Defendants with a copy of this complaint.

## COUNT III

### NICE'S PATENT INFRINGEMENT (THE '226 PATENT)

38. FICO restates and realleges each of the allegations set forth above and incorporates them herein.

39. NICE has infringed and continues to infringe – directly, contributorily, and/or by active inducement – at least claim 1 of the '226 Patent by making, using, selling, and/or offering to sell within the United States and/or by importing into the United States technology and methods that alone and/or in combination with computer systems embody or practice the claimed inventions in the '226 Patent. The infringing technology and methods include NICE's fraud detection analytics products and processes, including but not limited to Actimize's ATM and Debit Fraud prevention solutions.

40. NICE does not have a license or permission to use the claimed subject matter in the '226 Patent.

41. As a direct and proximate result of NICE's infringement of the '226 Patent, FICO has been injured and has been caused significant financial damage.

42.  NICE will continue to infringe the '226 Patent, and thus cause irreparable injury and damage to FICO, unless enjoined by this Court.

43.  FICO has complied with the statutory requirement of giving notice of the '226 Patent to Defendants at least by providing Defendants with a copy of this complaint.

## COUNT IV

### NICE'S PATENT INFRINGEMENT (THE '546 PATENT)

44.  FICO restates and realleges each of the allegations set forth above and incorporates them herein.

45.  NICE has infringed and continues to infringe – directly, contributorily, and/or by active inducement – at least claim 6 of the '546 Patent by making, using, selling, and/or offering to sell within the United States and/or by importing into the United States technology and methods that alone and/or in combination with computer systems embody or practice the claimed inventions in the '546 Patent. The infringing technology and methods include NICE's fraud detection analytics products and processes, including but not limited to Actimize's ATM and Debit Fraud prevention solutions.

46.  NICE does not have a license or permission to use the claimed subject matter in the '546 Patent.

47.  As a direct and proximate result of NICE's infringement of the '546 Patent, FICO has been injured and has been caused significant financial damage.

48.  NICE will continue to infringe the '546 Patent, and thus cause irreparable injury and damage to FICO, unless enjoined by this Court.

49.  FICO has complied with the statutory requirement of giving notice of the '546 Patent to Defendants at least by providing Defendants with a copy of this complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, FICO prays for the following relief:

    a.     A declaration that Actimize and NICE have infringed the '226 Patent and '546 Patent and are liable to FICO for infringement.

    b.     An award of damages adequate to compensate FICO for Actimize's and NICE's infringement of the '226 Patent and '546 Patent.

    c.     A post-judgment equitable accounting of damages for the period of infringement of the '226 Patent and '546 Patent following the period of damages established by FICO at trial.

    d.     An order enjoining Actimize and NICE from infringing, either directly or indirectly, the '226 Patent and '546 Patent.

    e.     If a permanent injunction is not granted, a judicial determination of the conditions for future infringement such as a royalty bearing compulsory license or such other relief as the Court deems appropriate.

    f.     A finding that this case is exceptional pursuant to 35 U.S.C. § 285.

    g.     An award of prejudgment interest, costs and disbursements, and attorney fees.

    h.     Such other and further relief as the Court deems FICO may be entitled to in law and equity.

## JURY DEMAND

A jury trial is demanded on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

*Of Counsel:*
Ronald J. Schutz
David W. Beehler
Kimberly G. Miller
Sang Young Brodie
Robins, Kaplan, Miller & Ciresi L.L.P.
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
(612) 349-8500
RJSchutz@rkmc.com
DWBeehler@rkmc.com
KGMiller@rkmc.com
SYBrodie@rkmc.com

Dated: September 16, 2009

/s/ Anne Shea Gaza
Frederick L. Cottrell III (#2555)
Anne Shea Gaza (#4093)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
Cottrell@rlf.com
Gaza@rlf.com

*Attorneys for Plaintiff Fair Isaac Corporation*