**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-688-LPS |
| | ) | |
| ACTIMIZE INC., | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to Rule 16, Fed. R. Civ. P., D. Del. L.R. 16.2, and the Court's Order of November 4, 2010 (D.I. 41), the parties, by and through their undersigned counsel, jointly submit this Status Report.

1.    **Background of the Case**

This case was filed on September 16, 2009 against NICE Systems LTD. and its wholly owned subsidiary, Actimize Inc., asserting claims of patent infringement of two patents owned by Plaintiff Fair Isaac Corp. ("FICO").   Actimize answered the complaint, denied FICO's allegations, and asserted various affirmative defenses and counterclaims, including non-infringement, invalidity and unenforceability of the asserted patents due to inequitable conduct.

FICO agreed to dismiss without prejudice the parent entity, NICE Systems, on December 12, 2009.  In the Stipulation for Dismissal, NICE Systems consented to this Court's jurisdiction for the purpose of accepting service of subpoenas for deposition testimony and production of documents without requiring FICO to comply with The Hague Convention or any other regulation.  The deadline for joinder of parties passed on July 10, 2010, without the joining of any additional parties.

2.    **Jurisdiction and Service**

This Court has subject matter jurisdiction over this case.  All parties are subject to the personal jurisdiction of this Court.  As explained above, NICE Systems has consented to this Court's jurisdiction for the purpose of producing documents and witnesses.  All parties have been served.

**3.      Scheduling Order and Request For Scheduling Conference**

This case was originally assigned to Judge Farnan and recently reassigned to Your Honor.  A scheduling order was entered by Judge Farnan on January 13, 2010.  (D.I. 21).  An amended scheduling order was entered on July 20, 2010 which extended certain discovery deadlines.  (D.I. 32).  Now that the case is assigned to Your Honor, the parties agree that the scheduling order should be amended and jointly request a Rule 16 scheduling conference, subject to the Court's availability.  The parties shall meet and confer regarding proposed modifications to the scheduling order and shall submit their proposal to the Court no later than three (3) business days before the scheduled conference.

**4.      Substance of the Action**

FICO alleges that Actimize infringes one or more claims of one or more patents asserted in this lawsuit.  Specifically, FICO alleges that Actimize infringes U.S Patent Nos. 5,819,226 and 6,330,546.       Actimize denies FICO's claims and alleges counterclaims that it does not infringe, that FICO's asserted patents are invalid, and that FICO's asserted patents are unenforceable due to inequitable conduct.  Actimize further alleges that FICO's claims are barred, in whole or in part, by the doctrine of laches, equitable estoppel, consent, and waiver, and that FICO's damages are limited by 35. U.S.C. § 287(a).

**5.      Identification of the Issues**

To the extent known and understood at this time, the principal factual and legal issues in dispute in the above-captioned case are typical of those in most patent cases and include the

following:

    (a) How the claims of the patents-in-suit should be construed;

    (b) Whether Actimize has infringed, either directly or indirectly, one or more claims of any of the patents-in-suit;

    (c) Whether the asserted claims of the patents-in-suit are invalid;

    (d) Whether the patents-in-suit are unenforceable, including due to inequitable conduct;

    (e) What damage relief is warranted in the event that infringement of any valid and enforceable claim is found;

    (f) Whether FICO's claims for damages are limited by laches;

    (g) Whether FICO's claims are barred by equitable estoppel, consent, and waiver;

    (h) Whether FICO's damages are limited by 35 U.S.C. § 287(a);

    (i) If Actimize is found to infringe any valid and enforceable claim, whether an injunction is appropriate;

    (j) Whether FICO is entitled to attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

    (k) Whether Actimize is entitled to attorneys' fees and costs pursuant to 35 U.S.C. § 285.

The parties reserve the right to raise additional factual or legal issues that may arise throughout the course of this action.

## 6.     Relief

Plaintiff FICO seeks: (1) adjudication that Actimize has infringed and continues to infringe one or more of the patents-in-suit; (2) an award of damages adequate to compensate for Actimize's infringement together with interest and costs authorized under 35 U.S.C. § 284. FICO has not yet determined the form of its damages claim or the method of calculation; however, FICO may seek damages in the form of lost profits, price erosion, lost convoyed sales, and/or reasonably royalty in an amount according to the proof at trial; (3) costs of suit and attorneys' fees pursuant to 35 U.S.C. § 285; (4) permanent injunction; and (5) any further relief

that is proper and just.

Defendant Actimize seeks: (1) dismissal of FICO's complaint, with prejudice; (2) a declaration that Actimize does not infringe any valid and enforceable claim of the '226 and '546 patents; (3) a declaration that the claims of the patents-in-suit are invalid; (4) a declaration that the patents-in-suit are unenforceable; (5) a declaration that this is an exceptional case and an award to Actimize of its costs and reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and (6) any further relief that is proper and just.

**7.**   **Amendment of Pleadings**

Actimize filed an amended answer and counterclaims on January 25, 2010 (D.I. 22). FICO replied to the amended counterclaims on February 11, 2010 (D.I. 25).

**8.**   **Protective Order**

The Court has already entered a protective order in this matter.  (D.I. 37).

**9.**   **Trial**

The parties have demanded a trial by jury on all issues so triable.

**10.**   **Settlement**

The parties engaged in settlement discussions after the exchange of initial disclosure statements.  The parties did not reach an agreement, but remain open to future settlement discussions.  Pursuant to 28 U.S.C. § 636 and the court's scheduling order (D.I. 21), this matter was referred to Magistrate Judge Thynge for the purposes of exploring the possibility of a settlement.  If the parties agree that they would benefit from a settlement conference, the parties shall contact the Magistrate Judge to schedule a settlement conference so as to be completed no later than the Pretrial Conference or a date ordered by the Court.

**11.**   **Statement of Conference**

Counsel for the parties have conferred about each of the above matters.

/s/ Anne Shea Gaza_____
Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Richard, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
Cottrell@rlf.com
Gaza@rlf.com

*Of Counsel:*

Ronald J. Schutz
Becky R. Thorson
Seth A. Northrop
Robins, Kaplan, Miller & Ciresi L.L.P.
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
(612) 349-8500
RJSchutz@rkmc.com
BRThorson@rkmc.com
SANorthrop@rkmc.com

*Attorneys for Plaintiff Fair Isaac
Corporation*

/s/ Jack  B. Blumenfeld_____
Jack B. Blumenfeld (#1014)
Morris, Nichols, Arsht & Tunnell L.L.P.
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

*Of Counsel:*

Josh A. Krevitt
Benjamin Hershkowitz
Joshua Furman
Gibson, Dunn & Crutcher L.L.P.
200 Park Avenue
New York, NY 10166
(212) 351-2659
jkrevitt@gibsondunn.com
bhershkowitz@gibsondunn.com
jfurman@gibsondunn.com

*Attorneys for Defendant Actimize Inc.*

RLF1 3632039v. 1